IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RUSSELL F. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV1110 |
| | ) | |
| TRANS-UNION LLC, EQUIFAX | ) | |
| INFORMATION SERVICES, INC., and | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This is an action filed pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.A. §§ 1681 - 1681x (West 2009 & Supp. 2012). Plaintiff Russell F. Walker is proceeding *pro se* and *in forma pauperis*. (Order [Doc. #4].) Defendants are three credit reporting agencies, Trans-Union LLC ("Trans Union"), Equifax Information Services Inc. ("Equifax"), and Experian Information Solutions, Inc. ("Experian"). Plaintiff Walker has voluntarily dismissed Defendant Trans Union from the case.[1] (Stipulation of Dismissal with Prejudice [Doc. # 34].) Defendant Equifax has filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) [Doc. #26]. Finally, Plaintiff has filed a "Motion to get Experian Information Services, Inc. Served" [Doc. #35]. For the reasons that follow, the Court recommends that Defendant Equifax's Motion for Judgment on the Pleadings be granted, that all claims against

---

[1] The Motion to Dismiss filed by Defendant Trans Union [Doc. #14] prior to its dismissal from the case is now moot and will be denied on that basis.

Defendant Experian be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and that this action be dismissed. Plaintiff's Motion regarding service of Defendant Experian should be denied as moot.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff alleges in his Amended Complaint[2] that in December 2005 he suffered an attack of atrial fibrillation while undergoing an employment physical for Raytheon Polar Services Co. in Colorado. (Am. Compl. [Doc. #10] at 3.) The physician conducting the examination "commanded" Plaintiff to go to the emergency department of the local hospital. (Id. at 3-4.) Plaintiff did so and received treatment in Colorado. (Id. at 4.) When Plaintiff returned to his home in North Carolina, he went to First Health of Pinehurst Hospital where he also received treatment. (Id.) However, when Plaintiff found out 6 months later that he still had the condition, he "threw all prescriptions in the waste basket and stopped seeing the local physician in the local hospital because obviously they had no idea how to cure this problem." (Id.)

Plaintiff contends that six accounts appearing on his credit report are connected to his treatment for atrial fibrillation. (Id. at 5.) These accounts should be removed from his credit file, Plaintiff argues, because he received "no benefit" from the treatment. (Id.) He contends that if anyone is responsible for the charges stemming from his treatment in Colorado, it should be Raytheon Polar Services. (Id.) Finally, Plaintiff contends that "[d]ue to a failed attempt to obtain a mortgage" he "made a number of credit applications" that are "reflecting negatively"

---

[2] Docket #10 is the operative Amended Complaint. Plaintiff has unsuccessfully sought to file additional amended complaints [Doc. # 21, #25] which have been stricken, but in those filings he is simply attempting to change the name of the registered agent for service of process of a Defendant rather than make any substantive change to his claims.

on his credit report. Plaintiff contends that the multiple inquiries to his credit file should be consolidated into a single inquiry. (Id. at 6.)

Plaintiff specifically states that he is not seeking monetary relief. (Id.) Rather, Plaintiff seeks the removal of the six accounts referred to above from his credit files and seeks to have the multiple requests for credit relating to his mortgage applications either removed or consolidated into one request. (Id.) Plaintiff also asks for any other equitable relief that is appropriate.

II. DISCUSSION

The standard for granting judgment on the pleadings is the same as for granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). In addition, the standard for granting a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as for dismissal under Rule 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). A plaintiff fails to state a claim upon which relief may be granted under Rule 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Defendant Equifax argues that all claims against it in Plaintiff's Amended Complaint should be dismissed because Plaintiff seeks only injunctive relief which is barred by FCRA. (Def. Equifax's Memo. in Supp. [Doc. #27].) Most courts considering the issue conclude that FCRA does not provide for injunctive or declaratory relief for individual plaintiffs. See

3

Washington v. CSC Credit Servs., Inc., 199 F.3d 263 (5th Cir. 2000) ("We hold that the affirmative grant of power to the [Federal Trade Commission] to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."); Domonoske v. Bank of Am., N.A., 705 F. Supp. 2d 515, 518-19 (W.D. Va. 2010) (noting problems with awarding private litigants injunctive relief under FCRA in a proposed class action settlement because FCRA limits a private individual's remedies to damages and attorney's fees); Bumgardner v. Lite Cellular, Inc., 996 F. Supp. 525, 527 (E.D. Va. 1998) (acknowledging that two district courts had granted injunctive relief under FCRA, but concluding that Congress's failure to include injunctive relief as a potential remedy in FCRA, combined with the express delegation of enforcement to the FTC, "clearly indicates that Congress did not intend injunctive relief as a remedy"); Jarrett v. Bank of Am., 421 F. Supp. 2d 1350, 1353 (D. Kan. 2006) ("Under the FCRA, only the Federal Trade Commission can seek injunctive relief from a consumer reporting agency or reporter of credit information. . . . Individual consumers are limited to the remedies provided under the FCRA, *i.e.* damages and attorney fees."); White v. First Am. Registry, Inc., 378 F. Supp. 2d 419, 423-24 (S.D.N.Y. 2005) (dismissing claims for declaratory and injunctive relief under FCRA). The Fourth Circuit has not specifically addressed this issue, but in general terms the Fourth Circuit has set out the possible forms of relief for an individual under FCRA, including damages but not injunctive or declaratory relief. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 239-40 (4th Cir. 2009) ("The FCRA creates a private right of action allowing injured consumers

to recover 'any actual damages' caused by negligent violations and both actual and punitive damages for willful noncompliance."). In the present case, in light of this authority and because Plaintiff only seeks injunctive and declaratory relief, all claims in his Amended Complaint are subject to dismissal.

Moreover, even if Plaintiff were seeking a form of relief that is available under FCRA, his claims should nevertheless be dismissed because he fails to allege facts from which the Court may infer that any Defendant violated FCRA. See Iqbal, 556 U.S. at 678. Congress enacted FCRA to require that entities falling within its scope, such as consumer reporting agencies, adopt reasonable procedures for maintaining the confidentiality, accuracy, and relevancy of information they assemble and evaluate, as well as for ensuring the proper utilization of such information. See 15 U.S.C. § 1681(b). Plaintiff fails to allege facts from which the Court may infer that any Defendant violated a provision of the Act. Plaintiff does not dispute the accuracy of the charges reflected in his six accounts, does not dispute the credit inquiries reflected in his credit file, and does not allege that any Defendant failed to keep his credit information confidential. Plaintiff's complaint is that he received "no benefit" from the medical treatment underlying the charges arising from his medical care. Plaintiff fails to explain how Defendants are responsible for the alleged failure of his medical treatment or for reporting the unpaid charges. Plaintiff also fails to allege facts from which the Court may infer that the Defendants' treatment of the multiple credit inquiries related to Plaintiff's attempt to secure a mortgage violated FCRA. Therefore, the Court concludes that Plaintiff's Amended Complaint fails to

5

state a claim upon which relief may be granted under FCRA. Accordingly, all claims should be dismissed.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant Trans Union's Motion to Dismiss [Doc. #14] be DENIED as moot; that Defendant Equifax's Motion for Judgment on the Pleadings [Doc. #26] be GRANTED; that Plaintiff's Motion to Get Experian Served [Doc. #35] be DENIED as moot; that all claims against Defendant Experian be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and that this action be dismissed.

This, the 22nd day of February, 2013.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge